## JAMES SPEED, EXR., v. LEVI TYLER'S DEVISEES, &C.

**Wills—Devise of Land for Life—Remainder to Children and Their Issue— Sale for Reinvestment—Necessary Parties—Equity—Jurisdiction.**

Where all persons interested, including all the great-grandchildren of the testator, in esse, are before the court, the proceeding is within the letter of the statute, and the possibility of the birth of other great-grandchildren who may take under the will does not take away from the Chancellor the power to act in the premises.

**Statutes in Derogation of Power of Courts of Chancery—Construction.**

Statutes in derogation of the general powers of courts of chancery ought to be so construed as not to abridge the prerogative of such courts further than their language manifests.

**Judicial Sales—Reinvestment—Improvement on Part Not Sold.**

The erection of improvements of a permanent nature upon the real estate not sold is a reinvestment of the proceeds of that which is sold, in other property and such improvements when made will be held for the same uses and trusts and in the same manner in all respects as the land sold.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 28, 1872.

OPINION BY JUDGE LINDSAY:

The 2d section of the act of February 16, 1858 (2d Vol., R. S., 314), provides that lands conveyed or devised to any person for life, in trust for his use, with remainder over to his children or to such of them as may survive him, or to the issue of such children, may by the judgment of a court of equity not inferior to the circuit court, be sold by the trustee, etc., * * * for the purpose of being reinvested according to the order of such court in other property in or out of this state, to be held for the same uses and trusts, and in the same manner in all respects as the property sold was held." In this case the proof is abundant that the proposed sale and reinvestment will be beneficial to all persons interested.

The only difficulties presented are, 1st, as to whether the estate devised to and held by the trustee, Speed, comes within the description set out in the statute.

2d. Whether or not the great grandchildren of the testator, now in esse, together with all others for whose benefit the trust estate is held, constitute all persons having an interest in the property adjudged to be sold; and,

3d. Whether the improvement of that portion of the realty not sold is such a reinvestment of the proceeds arising from the proposed sale as is contemplated by the statute. Under the will of Levi Tyler, deceased, the trustee holds the estate for the benefit for life of the son and daughter-in-law and grandchildren of the testator, with remainder over to such of his great-grand-children or their issue as may be alive at the time of the death of the surviving grandchild. We conclude that such an estate comes within the letter as well as the spirit of the legislative enactment.

All persons interested, including all the great-grandchildren of the testator *in esse,* are before the court. In this respect the proceeding is certainly within the letter of the act, and we are of the opinion that the possibility of the birth of other great-grandchildren who may take under the will does not take away from the chancellor the power to act in the premises. Statutes like the one under consideration are in derogation of the general powers of courts of chancery, and ought not to be so construed as to abridge the prerogatives of such courts, further than their language manifests that such was the intention of the law-making power. All persons now interested in the property adjudged to be sold are before the court and this is all the statute requires.

In the case of the *Falls City Real Estate and Building Association v. Vankirk, etc.,* 8th Bush 459, this court held that the act of August 23, 1862 (Myers' Supplement 426), does not authorize the sale of a portion of real estate in which there are contingent remainders, depending upon events which may or may not happen, and the reinvestment of the proceeds in improvements upon the residue, but there is an essential difference between that act and that of 1859.

Here there is no such estate as that described in the act of 1862, but as before held, just such as is contemplated by the act of 1858. The act of 1862, in terms requires the proceeds of the realty sold to be reinvested in the same kind of property to be

conveyed, etc. The act of 1858 authorizes a reinvestment in any kind of property, with no other condition than that it be held for the same uses and trusts and in the same manner in all respects as the property sold was held.

The erection of improvements of a permanent character upon the realty not sold is certainly a reinvestment of the proceeds of that which is sold in other property, and such improvements, when made, will be held for the same uses and trusts, and in the same manner in all respects as the property sold.

Judgment affirmed.

*Speed, for appellants.*

*Caldwell, for appellees.*